IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Catherine P., ) | |
| ) | |
|     *Plaintiff*, ) | |
| ) | Case No. 17 CV 50287 |
| v. ) | |
| ) | Magistrate Judge Lisa A. Jensen |
| Kilolo Kijakazi, ) | |
| Acting Commissioner of Social Security,[1] ) | |
| ) | |
|     *Defendant*. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's motion for attorney fees pursuant to 42 U.S.C. § 406(b)(1) [33]. Defendant, the Acting Commissioner of the Social Security Administration ("Commissioner"), argues that the requested fee would constitute a windfall. For the following reasons, Plaintiff's motion is granted.

**I. BACKGROUND**

Plaintiff filed an application for disability insurance benefits in December 2013. After her claim was denied at the initial and reconsideration levels, she appeared before an administrative law judge ("ALJ") in September 2016. The ALJ denied Plaintiff's claim in October 2016. Plaintiff appealed the ALJ's decision, but the Appeals Council denied the appeal in July 2017. In September 2017, Plaintiff filed a complaint requesting judicial review of the Commissioner's final decision. In March 2019, Plaintiff's motion for summary judgment was granted and the case was remanded. Plaintiff subsequently prevailed on remand when the ALJ issued a favorable decision on December 23, 2021. Plaintiff was awarded $171,946.00 in past-due benefits. Pl.'s Br. at 1, Dkt. 33.

Plaintiff and her counsel had a contingency agreement whereby she would pay counsel 25% of any past-due benefits awarded to her. Accordingly, Plaintiff's counsel seeks an attorney's fee award in the amount of $42,986.50, which represents 25% of Plaintiff's award. Counsel previously received compensation in the amount of $6,703.06 under the Equal Access to Justice Act, 28 U.S.C. § 2412 and, as such, counsel requests that this amount be offset from the award. Counsel requests that the Court direct the Commissioner to pay counsel[2] a balance of $36,283.44. Pl.'s Br. at 6, Dkt. 33.

---

[1] Kilolo Kijakazi has been substituted for Andrew Marshall Saul. Fed. R. Civ. P. 25(d).
[2] Plaintiff was represented in court by attorney Meredith Marcus at Daley Disability Law, and counsel requests that the payment be made out to attorney Frederick J. Daley, Jr., who is owner of Daley Disability Law.

1

## II. LEGAL STANDARD

The Social Security Act permits a court to award counsel a reasonable fee for work before the court not to exceed 25% of past-due benefits to which the claimant is entitled by reason of a judgment rendered in favor of the claimant. 42 U.S.C. § 406(b)(1). However, the attorney bears the burden of proving "that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 806 n. 17 (2002). The Supreme Court has explained that the 25% compensation scheme of "§ 406(b) does not displace contingent-fee agreements as the primary means" of compensating attorneys, but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. at 807; *see McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989) ("[T]he court should consider the reasonableness of the contingency percentage to make sure the attorney does not receive fees which are out of proportion to the services performed, the risk of loss and the other relevant considerations."). As part of the independent check on the reasonableness of counsel's fee award, the Court can assess such factors as whether (1) the fee is out of line with the character of the representation and the results achieved; (2) counsel's delay caused past-due benefits to accumulate; or (3) past due benefits "are large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808. Following this independent check, a court may choose to make a downward adjustment. *Id*.

## III. DISCUSSION

Plaintiff's counsel argues that her fee request is reasonable because she received "excellent results" for her client. Pl.'s Br. at 2, Dkt. 33 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) (holding that attorneys should recover a "fully compensatory fee" when the client receives "excellent results")). She also argues that the *de facto* hourly fee of $1,210.89 per hour for 35.5 hours of work is reasonable considering the range of hourly rates she and others in her firm have received in other cases. *Id*. at 4 (citing cases in which the hourly rates the Daley firm received were between $1,003.38 and $1,675.82).

The Commissioner does not contend that there was substandard performance by counsel or that delay of counsel caused the accumulation of past-due benefits to the claimant. Rather, she asserts that the fee counsel requests is disproportionate to the amount of time spent on the case and that Plaintiff has not satisfied her burden to show that the fee award is reasonable. Def.'s Resp. at 2-3, Dkt. 36. However, despite the Commissioner's assertions, she does not elaborate on *why* she believes the fee is disproportionate to the time counsel spent on the case. Similarly, while the Commissioner acknowledges that decisions regarding fees are "necessarily multifactorial," *see* Def.'s Resp. at 3 n.2, Dkt. 36, she provides no discussion or analysis of the relevant factors to support her position. Instead, as Plaintiff points out, the Commissioner's brief focuses exclusively on the *de facto* hourly rate. *See* Pl.'s Reply at 1, Dkt. 37.

The Commissioner first asserts that the hourly rate requested here "greatly exceeds the typical hourly rates billed by attorneys in private practice in Illinois." Def.'s Resp. at 3, Dkt. 36. In support, she points to a 2014 survey by the Illinois State Bar Association indicating that the median billable hourly rate was $250 per hour, with only 28% of respondents reporting a rate of $300 or more. However, this assertion misconstrues the type of representation counsel provided:

> Attorneys who take cases on contingency, thus deferring payment of their fees until the case has ended and taking upon themselves the risk that they will receive no payment at all, generally receive far more in winning cases than they would if they charged an hourly rate. The difference, however, reflects the time-value of money and the risk of nonrecovery usually borne by clients in cases where lawyers are paid an hourly rate.

*Hensley*, 461 U.S. at 448-49 (1983) (Burger, J., concurring). As such, due to the nature of contingency cases, it is misguided to liken counsel's requested hourly fee to "typical" hourly fees in private practice. Moreover, Plaintiff and her counsel entered into a contingency fee arrangement in which Plaintiff agreed to pay counsel 25% of the past-due benefits awarded to her. *See* Dkt. 33-2. This is a perfectly legal fee agreement, and the Commissioner does not argue otherwise, so this Court does not see any reason to undermine it. *See David D. v. Saul*, No. 17 C 6822, 2020 WL 6747008, at *4 (N.D. Ill. Nov. 17, 2020) ("The Court does not see any reason to upend [a legal contingency fee agreement] *post facto*. Counsel should be compensated pursuant to the formula that was negotiated at the outset of counsel's agreement to represent Claimant in this case in federal court as long as the fee is reasonable.").

The Commissioner next argues that "multiple decisions from this jurisdiction" and other districts within the Seventh Circuit suggest that the fee requested by counsel in this case constitutes a windfall. Def.'s Resp. at 3-6, Dkt. 36 (citing cases in which fees lower than the one requested here were approved and/or found to be "high"). The Court takes issue with the Commissioner's argument for two reasons. First, the Commissioner provides no explanation for why simply citing cases with a lower hourly fee supports a fee reduction. This argument is especially puzzling given that the Commissioner previously acknowledged that a multifactorial analysis is required for deciding attorney's fees. *See Gisbrecht*, 535 U.S. at 807. Second, over half of the cases the Commissioner cites arose outside of this district and, therefore, they are accorded less weight. *See David D.*, 2020 WL 6747008, at *4 (comparing the reasonableness of the requested hourly rate to other courts' decisions within the same district); *Cynthia L. v. Saul*, 17 C 02192, 2019 WL 10060470, at *3 (S.D. Ind. Sept. 20, 2019) (same). In this Court's research, other courts *within this district* have found similar and higher hourly rates to be reasonable and not a windfall to a claimant's counsel. *See, e.g.*, *David D.*, 2020 WL 6747008, at *4 ($1,447.09 per hour); *Evans v. Saul*, Case No. 16 C 4962 (N.D. Ill. July 12, 2019) ($1,492.21 per hour); *Zambrano v. Berryhill*, Case No. 14 C 0048 (N.D. Ill. May 30, 2017) ($1,232.00 per hour); *Kirby v. Berryhill*, 2017 WL 5891059 (N.D. Ill. Nov. 29, 2017) ($1,612.28 per hour); *Smith v. Colvin*, Case No. 14 C 3923 (N.D. Ill. Dec. 21, 2016) ($1,437 per hour); *Newman v. Colvin*, Case No. 13 C 6942 (N.D. Ill. Oct. 28, 2015) ($1,430 per hour). As a result, this Court finds that counsel's requested hourly rate is not inherently unreasonable when compared with other rates approved in this district.

**Reasonableness review**

Having addressed the Commissioner's arguments, the Court now turns to its reasonableness review. The first factor to consider is whether the fee is out of line with the character of the representation and the results achieved or, in other words, whether the attorney provided "substandard" representation. *See David D.*, 2020 WL 6747008, at *2. As noted above,

3

counsel obtained a favorable outcome for Plaintiff, which ultimately resulted in an award of benefits starting January 2013, and the Commissioner does not dispute these successful results. Additionally, counsel did not submit a boilerplate brief in support of Plaintiff's appeal but, instead, filed a detailed 15-page opening brief that analyzed the specific issues covering the over 20-year long relevant period and addressed facts from the 1,301-page record that supported Plaintiff's claim. *See id*. at *5 (finding fee award reasonable in part because counsel submitted a detailed and specific brief); *Weitz v. Berryhill*, 16-CV-419-JDP, 2017 WL 5186472, *1 (W.D. Wis. Nov. 8, 2017) (finding a fee award unreasonable in part because counsel submitted a boilerplate brief and devoted large portions of the brief to quotations). The quality of the work and the result achieved weigh in favor of a finding that the attorney fee requested here is reasonable.

The second factor is whether counsel had a delay that caused past-due benefits to accumulate. Although Plaintiff's counsel did request two extensions of time to file the opening brief, amounting to about 49 additional days, this is not necessarily considered an "unreasonable" delay. *See Mary F. v. Saul*, No. 19 C 169, 2021 WL 4242359, at *2 (N.D. Ill. May 24, 2021) (concluding that counsel was not responsible for any "unreasonable delay in the case" despite having made two requests for extensions of time, amounting to roughly 60 added days). Moreover, the Commissioner does not argue that there was a delay that caused past-due benefits to accumulate, and she also sought two extensions herself that amounted to roughly 60 days. This factor weighs in favor of a finding that the requested attorney fee is reasonable.

The third factor considers whether the past due benefits are large in comparison to the amount of time counsel spent on the case. After reviewing the timesheet counsel submitted, the Court cannot agree with the Commissioner's unsupported contention that the requested fee is disproportionate to the time spent on the case. Rather, the Court finds that the hours spent are reasonable in relation to the requested fee, especially in light of the long and dense administrative record (1,301 pages) and the fact that counsel wrote a detailed 15-page opening brief and 4-page reply brief responding to the Commissioner's arguments. *See Linda G. v. Saul*, 487 F. Supp. 3d 743, 747 (N.D. Ill. 2020) (reviewing counsel's activity sheet detailing the hours expended in the case along with the length and quality of the briefs to evaluate the third factor). The amount of time counsel spent on the case weighs in favor of a finding that the attorney fee requested is reasonable.

Having considered the *Gisbrecht* factors along with the Commissioner's objections, the Court concludes that the hourly rate for the time counsel spent pursuing the case before this Court is not so high as to cause the Court to characterize it as unreasonable based on the work performed, the result achieved, the time spent in the litigation, and the attorneys' fees awarded in other similar cases in this district. Therefore, the Court finds no reason to deviate from the agreement made between attorney and client.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's attorney, Frederick J. Daley, Jr., is awarded $36,283.44 in 42 U.S.C. § 406(b) fees, payable by the SSA from Plaintiff's past-due benefits.

Date: April 19, 2022  By: _____
Lisa A. Jensen
United States Magistrate Judge